# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.

MIHAI UNGURU,

CR 20-0342 LHK (VKD)

DEFENDANT(S).

---

FILED

Sep 08 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## INDICTMENT

COUNTS ONE THROUGH FIVE: 18 U.S.C. § 1344(1) – Bank Fraud

---

A true bill.

/s/ Foreperson of the Grand Jury
                                         Foreman

Filed in open court this ___8th___ day of
September 2020.

_____ Clerk

_____ Bail, $ __No Process__

Hon. Joseph C. Spero

DAVID L. ANDERSON (CABN 149604)
United States Attorney

FILED

Sep 08 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIHAI UNGURU,<br><br>Defendant. | CASE NO.  CR 20-0342 LHK (VKD)<br><br>VIOLATIONS:<br>18 U.S.C. § 1344(1) – Bank Fraud;<br>18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) –<br>Forfeiture Allegation<br><br>SAN JOSE VENUE |

INDICTMENT

The Grand Jury charges:

Introductory Allegations

At all times relevant to this Indictment:

1. MIHAI UNGURU ("UNGURU") was an individual residing in the Northern California.
2. UNGURU maintained bank accounts ending in -2412 and -3469 at Wells Fargo Bank.
3. Individual 1 maintained bank accounts ending in -1866 and -1874 at Wells Fargo Bank.
4. Wells Fargo Bank was a financial institution, as that term is defined in Title 18, United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").

INDICTMENT

## The Scheme to Defraud

5. Beginning on a date unknown, but not later than in or about November 2016, and continuing to a date unknown, but through at least in or about December 2016, UNGURU knowingly devised and executed, and attempted to execute, a material scheme and artifice to defraud financial institutions, as described below.

6. As part of the scheme and artifice to defraud, UNGURU obtained checks issued by individuals and entities (the "Victims") and payable from the Victims' checking accounts, without the Victims' knowledge, consent, or authorization. Many of the checks were donations made payable to religious organizations located in the Northern District of California.

7. It was further part of the scheme that UNGURU deposited the Victims' checks into his own Wells Fargo Bank accounts and Wells Fargo Bank accounts belonging to Individual 1, which UNGURU presented to Wells Fargo Bank under the false pretense and misrepresentation that the Victims knew, consented, and authorized UNGURU to present their checks for deposit into UNGURU's own Wells Fargo Bank accounts and Wells Fargo Bank accounts belonging to Individual 1.

8. Through this scheme, UNGURU fraudulently deposited 41 checks totaling $20,533.74 into his bank accounts belonging to himself and Individual 1.

<u>COUNTS ONE THROUGH FIVE</u>:   (18 U.S.C. § 1344(1) – Bank Fraud)

9. Paragraphs 1 through 8 are re-alleged and incorporated by reference as though fully set forth herein.

10. Beginning on a date unknown, but not later than in or about November 2016, and continuing to a date unknown, but through at least in or about December 2016, within the Northern District of California and elsewhere, the defendant,

MIHAI UNGURU,

did knowingly and with the intent to defraud devise and execute, and attempt to execute, a material scheme and artifice to defraud financial institutions, to wit, UNGURU obtained checks in the Victims' names, payable from the Victims' checking accounts at the Victims' banks, without the Victims' knowledge or authorization; falsely represented to Wells Fargo Bank that he was lawfully entitled to the

payments authorized by the checks; and caused the checks to be deposited into bank accounts that UNGURU and Individual 1 controlled.

11. On or about the dates set forth in the separate counts below, in the Northern District of California, for the purpose of executing the scheme and artifice referenced above, and attempting to do so, the defendant, MIHAI UNGURU, conducted and caused to be conducted the following financial transactions, among others:

| Count | Date | Financial Transaction |
|---|---|---|
| 1 | 11/22/2016 | Deposit of check number 2436838180 issued by Victim bearing the initials T.F. for $3,084.00 into Individual 1's Wells Fargo Bank account ending in 1866. |
| 2 | 11/22/2016 | Deposit of check number 2606 issued by Victim bearing the initials A.R. for $200.00 into Individual 1's Wells Fargo Bank account ending in 1866. |
| 3 | 12/27/2016 | Deposit of check number 56299523 issued by Victim bearing the initials C.B. for $255.00 into UNGURU's Wells Fargo Bank account ending in 3469. |
| 4 | 12/22/2016 | Deposit of check number 203 issued by Victim bearing the initials S.B. for $2,500.00 into UNGURU's Wells Fargo Bank account ending in 3469. |
| 5 | 12/28/2016 | Deposit of check number 2278 issued by Victim bearing the initials E.S. for $3,800.00 into UNGURU's Wells Fargo Bank account ending in 3469. |

Each in violation of Title 18, United States Code, Section 1344(1).

FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

12. The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

13. Upon conviction for any of the offenses set forth in this Indictment, the defendant,

MIHAI UNGURU,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived

INDICTMENT 3

from proceeds traceable to those violations, including but not limited to a forfeiture money judgment in an amount equal to the proceeds obtained as a result of the offenses.

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: September 8, 2020                            A TRUE BILL.

                                                         /s/
                                               FOREPERSON

DAVID L. ANDERSON
United States Attorney

   /s/ Maia Perez
MAIA PEREZ
Assistant United States Attorney

INDICTMENT                           4

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

Counts 1-5: 18 U.S.C. § 1344(1) – Bank Fraud

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: MAXIMUM PENALTIES:
Imprisonment: 30 Years; Fine: $1,000,000
Supervised Release: 5 Years; Special Assessment: $100
Potential Immigration Consequences; Forfeiture

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
SAN JOSE DIVISION

**DEFENDANT - U.S**
▶ MIHAI UNGURU

DISTRICT COURT NUMBER
**CR 20-0342 LHK (VKD)**

**FILED**
Sep 08 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
USPIS Inspector Thang Bui

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
20-mj-71098-MAG

Name and Office of Person Furnishing Information on this form  DAVID L. ANDERSON
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  MAIA PEREZ

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☒ On this charge

5) ☐ On another conviction  } ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer  ☐ Yes  } If "Yes" give date filed
been filed?  ☐ No

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED ▶ Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT  Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:  Before Judge:

Comments: